UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

W LEGACY HOLDINGS, INC.*,*                    Case No. 26-00870-swd
                                              Hon. Scott W. Dales
                Debtor.                       Chapter 7
_____/             Filed:  March 19, 2026

## MOTION OF THE CHAPTER 7 TRUSTEE UNDER RULE 2004 FOR EXAMINATION OF MODINEER WOLVERINE, LLC

Allison Greenlee Korr, Chapter 7 Trustee (the "**Trustee**"), moves this Court for entry of an order (a) authorizing the Trustee to examine a representative of Modineer Wolverine, LLC ("**Modineer**"), on July 16, 2026, or at such other date mutually agreed upon by the parties' counsel, regarding W Legacy Holdings, Inc.'s ("**Debtor**") conduct, property, and financial affairs; and (b) to produce documents identified on the attached Exhibit A on or before July 6, 2026, in the manner and format in which those documents are maintained by the Modineer. In support of this motion, the Trustee states as follows:

### Background

1. Debtor commenced this case by filing a voluntary petition on March 19, 2026 (the "**Petition Date**"), seeking relief under Chapter 7 of the United States Bankruptcy Code.

2. Debtor was formerly named Wolverine Metal Stamping, Inc. d/b/a Wolverine Corporation, Inc. The principal business of Debtor was metal stamping, serving customers in industries ranging from automotive to kitchen appliances.

3. On December 31, 2025, Debtor sold substantially all of its assets to Modineer under an Asset Purchase Agreement between Debtor and related entities, on the one hand, and Modineer and related entities, on the other hand (this sale is herein the "**Asset Sale**").

4. The Trustee is a party in interest in this case.

5. The Truste desires to examine Modineer concerning the circumstances precipitating and relating to the Asset Sale and Debtor's conduct, property, and financial affairs, as further detailed herein.

### Jurisdiction

6. The Court has jurisdiction over this motion under 28 U.S.C. § 1334(b). The motion is a core proceeding under 28 U.S.C. § 157(b)(2).

7. The Trustee brings this motion pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

### Legal Basis for Relief Requested

8. Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Under Rule 2004, a party in interest may seek both documents and oral discovery related to "the debtor's acts, conduct, or property; the debtor's liabilities and financial condition of the debtor; or to any matter which may affect the administration of the debtor's estate; or to the debtor's right to a discharge." Rule 2004(b)(1).

9. The purpose of a Rule 2004 examination "is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Cardinal Fastener & Specialty Co., Inc.*, 2013 WL 425858, at *5 (Bankr. N.D. Ohio Feb. 4, 2013); *see also In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (finding that the purpose of Rule 2004 is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors"); *In re Almatis*, No. 10-12308, 2010 WL 4877868, at *3 (Bankr. S.D.N.Y. Nov. 24, 2010) (noting that "the purpose of a Rule 2004 examination is to

assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred"); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) (inquiry into any matter that may affect the administration of the estate "comfortably falls within the allowed limits under Rule 2004").

10.     The scope of a Rule 2004 examination is broader than that of discovery under the Federal Rules of Civil Procedure. *In re DeShetler*, 453 B.R. 295, 302 (Bankr. S.D. Ohio 2011) ("The scope of examination permitted pursuant to Rule 2004 is wider than that allowed under the Federal Rules of Civil Procedure and can legitimately be in the nature of a 'fishing expedition.'"). Courts have thus recognized that Rule 2004 examinations may be "extremely broad." *In re Davis*, 452 B.R. 610, 618 (Bankr. E.D. Mich. 2011).

### Factual Basis for Relief Requested

11.     On April 24, 2026, the Trustee conducted the § 341 Meeting of Creditors for Debtor, where Bruce Weber testified on behalf of the Debtor.

12.     Mr. Weber testified that in mid-2025, Debtor's largest customer cancelled orders to Debtor without prior notice. This left Debtor with significant finished goods inventory and obligations related to raw materials, intermediates, and employee wages and benefits. *Id.*

13.     The customer never resumed its purchases and never reimbursed Debtor for accumulated finished goods and raw materials purchased to support anticipated sales. *Id.*

14.     The customer's conduct may constitute a breach of contract, which Debtor has not yet pursued. However, as a result of the Asset Sale, Modineer possesses the contract and other relevant documents necessary to determine whether Debtor has an actionable claim against the customer.

3

15.     Similarly, Modineer now possesses the financial records of Debtor used to create its bankruptcy schedules, records of receivables between Debtor and its affiliates, appraisal records, and documents and records related to Debtor's lending relationships.

16.     Because Modineer now possesses such documents, throughout Debtor's § 341 meeting on April 24, 2026, Mr. Weber repeatedly responded that Modineer possessed the records inquired about by the Trustee and that such documents were otherwise unavailable for Debtor to now review. *Id.*

17.     Modineer is in possession of documents, records, and knowledge that directly bear on the Debtor's conduct and its financial affairs. Reviewing said documents and records and examining a representative of Modineer regarding these matters is necessary for the Trustee to determine the nature and extent of the bankruptcy estate, including investigating potential claims on behalf of the bankruptcy estate.

## **Conclusion**

18.     For the foregoing reasons, the Trustee respectfully requests that the Court enter the order attached hereto as Exhibit A.

Respectfully Submitted,

WARNER NORCROSS + JUDD LLP

Date:  June 11, 2026

By*:  /s/ Emily S. Rucker*
Elisabeth M. Von Eitzen (P70183)
Emily S. Rucker (P79228)
180 East Water Street, Ste. 7000
Kalamazoo, MI 49507
Telephone (269) 276-8118
Email: evoneitzen@wnj.com
Email: erucker@wnj.com

*Attorneys for Allison Greenlee Korr, Chapter 7 Trustee*